UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOUIS J. PROVENZA                                CIVIL ACTION

VERSUS                                           NO: 06-7319

STATE FARM FIRE & CASUALTY                       SECTION: "J" (3)
INSURANCE COMPANY

**ORDER AND REASONS**

Before the Court is defendant's Motion for Summary Judgment. (Doc. 10). The motion is opposed. For the following reasons the Court finds that the motion should be DENIED.

**BACKGROUND**

Plaintiff Louis J. Provenza's property flooded during Hurricane Katrina, and he filed a claim for flood damage with his flood carrier, defendant State Farm Fire & Casualty Insurance Company. Provenza has held flood coverage on the property since 1994. In that time, Provenza has filed seven flood loss claims for the same property prior to his flood loss claim resulting from Hurricane Katrina.  Provenza filed his first two claims on January 7th and March 8th, 1998. Provenza made his third and fourth flood loss claims for March 3rd and June 7th, 2001. State

Farm denied the June 7th, 2001 flood claim as the damages from that claim were similar to the damages from the March 3rd, 2001 claim. State Farm sent several letters to Provenza requesting documentation of repairs to prior flood damage. Of Provenza's seven prior flood loss claims, State Farm paid him $18,553.57 for his January 7th, 1998 flood claim and $16,247.12 for his March 3rd, 2001 flood claim.

In 2002, Plaintiff filed his fifth and sixth flood loss claims for September 26th and October 3rd, 2002. State Farm inspected the property on October 16th, 2002 and determined that there were no new flood loss damages resulting from the September 26th and October 3rd, 2002 claims. On June 30th, 2003, Provenza made his seventh flood loss claim to State Farm. State Farm inspected the property and concluded that the damages appeared similar to those damages documented in the flood loss claims that State Farm already paid. State Farm sent a letter on July 16th, 2003 to Provenza stating that the June 30th, 2003 damages were the same as the prior losses and that State Farm was therefore denying the June 30th, 2003 flood loss claim. Provenza told State Farm that he had not cashed the $16,247.12 draft resulting from his March 3rd, 2001 flood loss claim. On July 26th, 2003, State Farm sent Provenza, through his attorney, a blank proof of loss to complete in order to reissue the draft. On August 13th, 2003,

State Farm sent a letter summarizing his numerous prior flood loss claims. On August 22nd, 2003 State Farm sent a letter explaining why a proof of loss was required.

On June 30th, 2004 Provenza filed suit in the 22nd Judicial District Court for the Parish of St. Tammany alleging breach of contract as a result of his June 30th, 2003 flood claim. On August 5th, 2004, State Farm removed the lawsuit to the U.S. District Court for the Eastern District of Louisiana. The lawsuit was dismissed on May 2nd, 2005 after the matter was settled for the $16,247.12 originally scoped for his March 3rd, 2001 flood loss claim.

Following Hurricane Katrina Provenza filed the claim at issue in the present case. A State Farm adjuster inspected the property. The adjustor noted in a 12:02 p.m. log entry that before Hurricane Katrina the home had been under renovation and was almost completed with all new materials. The adjuster noted, mistakenly, that prior flood losses were not at this location. The adjuster noted that he would authorize payment for $148,554.01 worth of flood damage. Then fourteen minutes later the adjuster corrected his previous error and clarified that the prior flood claims had in fact been to the same property and that the file indicated that repairs had not been made. The adjuster then noted that he would "pend file til priors are received."

3

In the following days the adjuster ascertained that there was no documentation in the file of repairs made to the property after the earlier claims. He instructed Provenza that he must provide documentation of the prior repairs before payment could be made. Provenza never provided the documentation. He also never provided a proof of loss. Instead Provenza filed suit in state court on August 22nd, 2006. State Farm removed based on federal question jurisdiction and the specific jurisdictional provision of the National Flood Insurance Act (NFIA).

## ARGUMENTS

State Farm argues that Provenza is barred from filing suit because he failed to submit a proof of loss and he failed to submit the documentation it asked for regarding prior repairs. State Farm argues that because the provisions of the National Flood Insurance Program (NFIP) and the Standard Flood Insurance Policy (SFIP) must be strictly construed, failure to comply with these two requirements before filing suit warrants summary dismissal with prejudice.

Provenza argues that, because of the Waiver of the Proof of Loss Requirement issued by FEMA on August 31, 2005, he did not have to file a proof of loss. Provenza argues that he did not disagree with the adjuster's report that he was owed $148,554.01. Provenza argues that, because he did not disagree with the

adjuster's report, according to the waiver he was not required to submit a proof of loss.

## DISCUSSION

*Documentation Requirement*

State Farm alludes repeatedly to a requirement that a claimant "provide meaningful and detailed documentation" prior to filing suit or suffer summary dismissal. (*See, e.g.*, Doc. 10-23 Ex. U, letter of March 13, 2007.) State Farm cites an Eastern District of Louisiana decision, *Durkin v. State Farm*, 3 F. Supp. 2d 724 (E.D. La. 1997), as support for this documentation requirement. However, the decision nowhere discusses such a requirement. Judge Vance recognizes the requirement in the SFIP that a claimant must provide a detailed inventory upon request by the insurer. But there is no absolute requirement in the SFIP that a claimant provide documentation before filing suit.

SFIP Article VII(R) provides that "You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy." 44 C.F.R. Pt. 61, App. A(1), art. VII(R).

SFIP Article VII(J)(3) instructs the claimant to "Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. <u>Attach all bills, receipts, and related documents.</u>"  44 C.F.R. Pt. 61, App. A(1),

art. VII(J)(3) (emphasis added).

    SFIP Article VII(K)(2) provides that the insurer

> may request, in writing, that you furnish us with a complete inventory of the lost, damaged or destroyed property, including:
> a. Quantities and costs;
> b. Actual cash values or replacement cost (whichever is appropriate);
> c. Amounts of loss claimed;
> d. Any written plans and specifications for repair of the damaged property that you can reasonably make available to us; and
> e. <u>Evidence that prior flood damage has been repaired</u>.

44 C.F.R. Pt. 61, App. A(1), art. VII(K)(2) (emphasis added). From these three provisions State Farm confects the requirement that a claimant must provide detailed documentation of prior repairs upon request or a lawsuit is precluded. This conclusion is not supported by the regulation. The requirement that a claimant "attach all bills, receipts, and related documents" can only extend to those documents that exist. State Farm may request documentation. If the requested documents do not exist– for example, if they were destroyed in a flood – then there is nothing to attach.

    State Farm's request for documentary evidence that the prior flood damage was repaired is a legitimate attempt to verify the reasonableness of damages claimed. Provenza apparently does not have documentation of prior repairs. However, the adjuster's report itself indicates that the house was being newly renovated

prior to Katrina. This qualifies as evidence of repair. In addition, Provenza points out that the damage amount in this claim far exceeds the damage amount in the prior claim, so that it cannot *all* be clouded by suspicion of double dipping.

State Farm's basic premise – that a claimant who cannot provide enough documentary evidence to convince the insurer to pay the claim has violated the SFIP and is precluded from filing suit – is not supported by the regulations or caselaw. If a claimant has no documentation to provide, then he has attached "all bills, receipts, and related documents." The claimant has satisfied the SFIP documentation requirement as a technical matter, even though the complete lack of documentation will understandably give the insurer pause. When the insurer denies the claim for failure to adequately prove up prior repairs, the claimant should have the chance to present his evidence, such as it is, to a finder of fact that will determine whether the insurer correctly denied the claim. This assumes that the claimant has fulfilled all of the other numerous requirements that the SFIP imposes as conditions precedent.

*Proof of Loss Requirement*

State Farm is on firmer ground when it refers to the proof of loss requirement. There clearly is a strict proof of loss requirement in the SFIP. *See Gowland v. Aetna*, 143 F.3d 951, 954

(5th Cir. 1998). The clarity was somewhat muddied when FEMA waived the requirement following Hurricane Katrina if the claimant agrees with the adjuster's report.[1]

Provenza argues that because he agrees with the adjuster's report, FEMA has waived the proof of loss requirement. Although he agrees with the dollar figure stated in the 12:02 p.m. log entry, he obviously disagrees with the correction in the 12:16 p.m. log entry that shelves the claim until proof of prior repairs is furnished. Therefore he disagrees with the basic conclusion of the report. Nevertheless, as the undersigned has already determined in another case, the waiver could be ambiguous

---

[1] The waiver states in pertinent part:
> To expedite claims payments so that policyholders affected by these circumstances are not subject to undue hardship , I [David Maurstad, Acting Federal Insurance Administrator] am waiving the requirement in VII.J.4 of the SFIP Dwelling and General Property Forms...for the policyholder to file a proof of loss prior to receiving insurance proceeds. Instead, payment of the loss will be based on the evaluation of damage in the adjuster's report....
> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. The proof of loss must meet the requirements of VII.J.4 of the SFIP.... The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim....

(See Plaintiff's Opposition Exhibit 1.)

to a claimant such that summary judgment against a claimant who relied on the waiver is inappropriate. *See Robin v. Fidelity National Prop. & Cas. Ins. Co.*, Case No. 2:06-cv-05242 (E.D.La. March 14, 2007)(Order denying summary judgment).

State Farm directs the Court's attention to two recent cases each of which determines that the waiver language at issue here did not waive the proof of loss requirement entirely.[2] Each opinion reads the waiver to indicate that <u>if</u> the claimant agrees with the adjuster's report, then the proof of loss requirement is waived. In *Robin*, the plaintiff argued that the proof of loss requirement was waived all together. This Court, while not disagreeing that the interpretation of State Farm and the cases it cites is correct, determined that the waiver language is too ambiguous to support summary judgment against a claimant who may have been confused by it. In this case, Provenza makes a significantly different argument that is actually more compelling. He argues that he <u>agrees</u> with the adjuster's report. So even under the interpretation of State Farm and the cited cases, the proof of loss requirement would be waived in his case if it were true that he did not dispute the adjuster's report.

---

[2] *Richardson v. Paulison*, Case No. 2:06-cv-1745 (E.D. La. Feb. 28, 2007)(Order granting summary judgment); *Crutcher v. Fidelity National Ins. Co.*, Case No. 2:06-cv-5273 (E.D. La. April 9, 2007)(Order denying summary judgment).

Admittedly, Provenza's assertion that he agrees with the adjuster is less than compelling. However, if, as the undersigned has ruled, the waiver provision is ambiguous for someone in the *Robin* situation – openly disagreeing with adjuster – then it is even more so for a claimant who thinks that he agrees with the adjuster's report.

For these reasons, summary judgment is inappropriate.

Accordingly,

**IT IS ORDERED** that defendant's Motion for Summary Judgment. (Doc. 10) is **DENIED**.

New Orleans, Louisiana this the 6th day of June, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

10