```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LOUIS J. PROVENZA                         CIVIL ACTION

VERSUS                                    NO: 06-7319

STATE FARM FIRE AND CASUALTY              SECTION: "J" (2)
COMPANY
```

**ORDER AND REASONS**

Before the Court is Defendant's **Motion for Summary Judgment (Rec. Doc. 50).** This motion, which is opposed, was set for hearing on August 20, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be granted.

**Background Facts**

Plaintiff was the owner of property, which, as a result of Hurricane Katrina, sustained damage due to flooding. The property was insured by State Farm Fire and Casualty Company ("State Farm"), which issued a Standard Flood Insurance Policy ("SFIP") under the Write-Your-Own Program of the National Flood

Insurance Program ("NFIP").

Plaintiff has held flood coverage on the property since 1994. In that time, plaintiff has filed seven flood loss claims for the same property prior to his flood loss claim resulting from Hurricane Katrina.  The first two claims were filed on January 7 and March 8, 1998. Plaintiff's third and fourth flood loss claims came on March 3 and June 7, 2001. State Farm denied the June 7, 2001 flood claim as the damages from that claim were similar to the damages from the March 3, 2001 claim. At that time, State Farm sent several letters to plaintiff requesting documentation of repairs to prior flood damage.  State Farm paid plaintiff $18,553.57 for the January 7, 1998 flood claim and $16,247.12 for the March 3, 2001 flood claim.

Plaintiff filed his fifth and sixth flood loss claims for September 26 and October 3, 2002. State Farm inspected the property on October 16, 2002 and determined that there were no new flood loss damages resulting from the September 26 and October 3, 2002 claims. The seventh flood loss claim was made on June 30, 2003.  Again, State Farm inspected the property and concluded that the damages appeared similar to those damages documented in the flood loss claims that State Farm already paid. State Farm sent a letter to plaintiff on July 16, 2003 stating that the June 30, 2003 damages were the same as the prior losses and that State Farm was therefore denying the June 30, 2003 flood

loss claim. Plaintiff informed State Farm that he had not cashed the $16,247.12 draft resulting from his March 3, 2001 flood loss claim.  As a result, on July 26, 2003, State Farm sent plaintiff, through his attorney, a blank proof of loss to complete in order to reissue the draft. On August 13, 2003, State Farm sent a letter summarizing plaintiff's numerous prior flood loss claims. On August 22, 2003 State Farm sent a letter explaining why a proof of loss was required.

Plaintiff filed suit on June 30, 2004 in the 22nd Judicial District Court for the Parish of St. Tammany alleging breach of contract as a result of his June 30, 2003 flood claim. On August 5, 2004, State Farm removed the lawsuit to the United States District Court for the Eastern District of Louisiana. The lawsuit was dismissed on May 2, 2005 after the parties settled for $16,247.12.

Following Hurricane Katrina plaintiff filed the claim at issue in the present case. A State Farm adjuster inspected the property. The adjuster noted in a log entry that before Hurricane Katrina the home had been under renovation and was almost completed with all new materials. The adjuster noted, mistakenly, that prior flood losses did not occur at that property, and further noted that he would authorize payment for $148,554.01 worth of flood damage. Fourteen minutes after the log entry the adjuster corrected his previous error and clarified that prior

3

flood claims had in fact been made to the same property and that the file indicated that repairs had not been undertaken. Based on this information, the adjuster noted that he would "pend file til priors are received."

In the days that followed the adjuster ascertained that there was no documentation in the file of repairs made to the property after the earlier claims. Plaintiff was instructed that he must provide documentation of the prior repairs before payment could be made. Plaintiff never provided the documentation.  Also, plaintiff never provided a proof of loss for hurricane related damage. Instead plaintiff filed suit in state court on August 22, 2006. State Farm removed based on federal question jurisdiction and the specific jurisdictional provision of the National Flood Insurance Act ("NFIA").  Shortly after the case was removed, State Farm filed a Motion for Summary Judgment (Rec. Doc. 10) making arguments similar to those in the present motion.  Based on the state of the law at that time the Court denied the motion in an Order and Reasons (Rec. Doc. 30) issued on June, 6, 2007.

## The Parties' Arguments

Defendant argues that plaintiff is not entitled to any recovery under the SFIP policy because he failed to comply with the conditions precedent to the recovery of U.S. Treasury funds under that policy, namely submitting a proof of loss and

4

documentation of damage.  In addition, State Farm argues that plaintiff's claims for bad faith penalties and legal interest are preempted and barred by federal law.

Plaintiff opposes the motion and argues that a material issue of fact precludes summary judgment.  Specifically, plaintiff asserts that he has requested a waiver of the proof of loss requirement from the Federal Emergency Management Agency ("FEMA") but has not received an answer.  As such, plaintiff contends that there is a material issue as to whether FEMA will grant the waiver.  Regarding the failure to document the loss, plaintiff asserts that this Court's opinion and analysis rendered on the prior Motion for Summary Judgment should apply again regarding this motion.  Plaintiff makes no argument opposing defendant's assertion that he is not entitled to extra-contractual damages.

## Discussion

Under FEMA regulations, strict adherence is required to all terms of the SFIP.  44 C.F.R. §§ 61.13(a), (d), (e).  The SFIP provides that within 60 days after the loss (or within any extension authorized by FEMA), the claimant must file a signed and sworn Proof of Loss listing . . . (1) "the actual cash value . . . of each damaged item of insured property . . . and the amount of damages sustained," and (2) "the amount ...

claim[ed][as] due under [the] policy to cover the loss . . . ." Id.; 44 C.F.R. Pt. 61 App. A(1), Art. IX, ¶ J(3). Forman v. Federal Emergency Management Agency, 138 F.3d 543, 545 (5th Cir. 1998).

The requirements for submitting proof of loss are detailed in 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4):

> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> a. The date and time of loss;
>
> b. A brief explanation of how the loss happened;
>
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>
> d. Details of any other insurance that may cover the loss;
>
> e. Changes in title or occupancy of the covered property during the term of the policy;
>
> f. Specifications of damaged buildings and detailed repair estimates;
>
> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>
> h. Details about who occupied any insured building at the time of the loss and for what purpose; and
>
> I. The inventory of damaged personal property described in J.3.above.

As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, an insured's failure to provide a complete, sworn proof of loss

statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim. Gowland v. Aetna, 143 F.3d 951, 954 (5th Cir. 1998).

In Gowland, the Court stated "it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the policy." Id. at 954. Although the Gowlands provided notice of loss through their agent, they never filed a formal proof of loss statement as required by the flood policy. Id. As a result, the Court affirmed the grant of the insurer's motion for summary judgment.

Most recently, the Fifth Circuit in Marseilles Homeowners Condominium Association, Inc. v. Fidelity National Insurance Co. similarly held that because the plaintiff in that case failed to submit a sworn proof of loss within one year of the date of the loss, the suit was precluded as a matter of law. 2008 WL 4150108 (5th Cir. Sept. 10, 2008).

In the case at bar there is no dispute that plaintiff has not filed a proof of loss related to damage from Hurricane Katrina. Instead, plaintiff asserts that because he has requested a waiver from the proof of loss requirement from the Federal Insurance Administrator for FEMA there is an issue of material fact because FEMA might grant the waiver. First, it is not clear from the evidence provided that plaintiff actually forwarded a letter from his counsel to the FEMA administrator.

However, State Farm did forward a copy of the letter to the FEMA administrator.  FEMA responded that no waiver could be granted.  See Exhibit C to Defendant's Reply Memorandum (Rec. Doc. 59).  FEMA does not provide waivers in the midst of litigation.  Instead, if a case settles, then FEMA will waive the proof of loss requirement so that the settlement may be enforced.  There is no settlement at issue in this case and no waiver is forthcoming from FEMA.  Plaintiff did not file a proof of loss as required by law and cannot receive a waiver from FEMA.  As a result, there is no material issue as to whether FEMA will grant a waiver.  Since plaintiff did not file a sworn proof of loss this suit is precluded.  Further, since plaintiff has no underlying claim against State Farm he cannot recover bad faith penalties or legal interest, and in any event provided no argument in his response memorandum as to why he is entitled to these extra-contractual damages.

   Accordingly,

   **IT IS ORDERED** that Defendant's **Motion for Summary Judgment (Rec. Doc. 50)** is hereby **GRANTED** and plaintiff's suit is dismissed with prejudice at plaintiff's costs.

   New Orleans, Louisiana, this 29th day of September, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE