```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LOUIS J. PROVENZA                           CIVIL ACTION

VERSUS                                      NO: 06-7319

STATE FARM FIRE AND CASUALTY                SECTION: "J" (3)
COMPANY
```

**ORDER AND REASONS**

Before the Court is plaintiff's **Motion for New Trial (Rec Doc. 72)**. This motion, which is opposed, was set for hearing on October 29, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that plaintiff's motion should be denied.

**Background Facts**

This a Hurricane Katrina case that was dismissed by the Court on defendant's second Motion for Summary Judgment. The Court granted the Motion for Summary Judgment because plaintiff failed to submit a signed and sworn Proof of Loss in connection with the Standard Issue Flood Insurance Policy ("SFIP") issued by State Farm Fire and Casualty Company ("State Farm") as part of

the Write-Your-Own Program of the National Flood Insurance Program ("NFIP").  Earlier in the case, State Farm had urged a similar Motion for Summary Judgment based on the failure of plaintiff to submit a Proof of Loss.  Plaintiff defended that first Motion for Summary Judgment by arguing that he agreed with the adjuster's report and that therefore the proof of loss requirement was waived as to him.  However, the plaintiff only agreed with a version of the adjuster's report that was almost immediately changed when the adjuster realized a mistake that he had made regarding earlier flood policy claims on the property.[1] Based on these arguments and the applicable case law at the time, the Court denied the Motion for Summary Judgment on June 6, 2007, finding that there were issues of material fact because the waiver of the Proof of Loss requirement following Hurricane Katrina was ambiguous.  Shortly thereafter, and only two days before trial, the case was stayed because at that time the Fifth Circuit was considering a case involving several issues that were pertinent to this case, including whether the waiver of the Proof of Loss requirement after Hurricane Katrina was ambiguous.  After the Fifth Circuit rendered an opinion regarding these issues, State Farm moved to reopen this case, which was done on April 7, 2008.

---

[1]The Court's Order and Reasons (Rec. Doc. 30) provides a full discussion of the arguments made on the first Motion for Summary Judgment.

Subsequently, State Farm filed their second Motion for Summary Judgment arguing that the case should be dismissed because of plaintiff's failure to submit a Proof of Loss and to strictly comply with the requirements of the SFIP policy. Plaintiff opposed this motion arguing that these issues had already been addressed by the Court in its denial of State Farm's first Motion for Summary Judgment and that there was an issue of material fact as to whether the plaintiff would be granted his requested waiver from the Proof of Loss requirement.  In an Order and Reasons filed on September 30, 2008, the Court granted the second Motion for Summary Judgment, relying on the Fifth Circuit's conclusion in several recent cases that there is no ambiguity regarding the post-Hurricane Katrina waiver of the Proof of Loss requirement.  This Court found that the plaintiff had not complied with the requirements of his SFIP policy, including the necessary filing of a Proof of Loss.  The court entered judgment in favor of State Farm taxing all costs to the plaintiff.

### The Parties' Arguments

The plaintiff has filed this motion arguing that under the circumstances of this case it is inequitable to punish the plaintiff by taxing the costs to him, even though the defendant has prevailed in the case.  Plaintiff does not challenge the Court's decision to grant summary judgment.

The defendant opposes this motion arguing that costs should be taxed against the plaintiff because the defendant prevailed and because the plaintiff has continuously pressed his case without presenting any evidence in his favor.

### Discussion

A motion for new trial that is filed within ten days of the entry of judgment is considered under Federal Rule of Civil Procedure 59.  A district court has significant discretion to grant or deny a motion for new trial under Rule 59.  Kelly v. Bayou Fleet, Inc., No. 06-6871, 2007 WL 3275200, at *1 (E.D. La. Nov. 6, 2007).  A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly.  Id.

In this motion, plaintiff asks the Court to reconsider the award of costs to the defendant.  Federal Rule of Civil Procedure 54(d)(1) provides that "costs-other than attorney's fees-should be allowed to the prevailing party."  The Fifth Circuit has recognized a strong presumption under Rule 54(d)(1) that the prevailing party be awarded costs.  Pacheco v. Mineta, 448 F.3d 783, 793-94 (5th Cir. 2006) (citing Schwarz v. Folloder, 767 F.2d 125, 131 (5th Cir. 1985).  "[T]he prevailing party is prima facie entitled to costs."  Id. (quoting Schwarz, 767 F.2d at 131).  The denial of costs has been described as "in the nature of a penalty."  Id. (quoting Schwarz, 767 F.2d at 131).  Rule 54(d)(1)

4

does provide the district court with the discretion to deny or reduce the costs awarded to the prevailing party.  Id.  If the court denies costs to the prevailing party then it must state the reasons for that decision.  Id. at 794.  While there is not expansive case law on the subject, the Fifth Circuit has identified the wide range of reasons on which courts rely to justify denying costs to a prevailing party.  Id.  "Among these are: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources."  Id. (citing 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, at 234 (1998)).  The Fifth Circuit has explicitly held that "the losing party's good faith is alone insufficient to justify the denial of costs to the prevailing party."  Id. at 795.

In the motion presently before the Court, plaintiff argues that he should not bear all of the costs of this litigation "because good faith arguments and positions of law existed in this matter" and because such a result would be inequitable.  Pl.'s Mem. Supp. Mot. New Trial, R. Doc. 72, at 2.  Such a good faith argument is foreclosed by Fifth Circuit case law.  See Pacheco, 448 F.3d at 795.  Additionally, plaintiff's argument falls flat since he continued to assert the position that the

post-Hurricane Katrina waiver was ambiguous even after the Fifth Circuit had unequivocally held otherwise.  Finally, there is no evidence that any of the other reasons for denying costs to a prevailing party that have been identified by the Fifth Circuit are applicable in this case.  Accordingly,

**IT IS ORDERED** that plaintiff's **Motion for New Trial (Rec Doc. 72)** is hereby **DENIED.**

New Orleans, Louisiana, this 17th day of November, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE