UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUIS J. PROVENZA | CIVIL ACTION |
| VERSUS | NO: 06-7319 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION: "J" (3) |

**ORDER AND REASONS**

Before the Court is plaintiff's Motion for Review of Taxation of Costs. Rec. D. 79. This motion, which is opposed, was set for hearing on January 7, 2009 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that plaintiff's motion should be denied.

**Background Facts**

This action is a Hurricane Katrina case in which the plaintiff sued his flood insurer, State Farm Fire and Casualty Company ("State Farm"), to recover proceeds on the flood policy. This case, which was removed to this Court on the basis of diversity jurisdiction, has a lengthy history. Initially, the

case was set for the Court's trial docket on June 28, 2007. Rec. D. 7. Two days before the trial was scheduled to begin, the case was stayed pending the decision of the United States Court of Appeals for the Fifth Circuit on several issues that were pending before that court that were pertinent to the disposition of this matter. Rec. D. 42. Specifically, the Fifth Circuit was at that time considering the proof of loss and other requirements for recovery under the National Flood Insurance Program ("NFIP"). Following the decision of the Fifth Circuit, the present case was reopened and placed on the Court's trial docket for October 27, 2008. Rec. D. 49. Thereafter, State Farm filed a Motion for Summary Judgment on all claims arguing that the plaintiff was barred from any recovery under his Standard Flood Insurance Policy ("SFIP") because he had failed to file a proof of loss and to strictly comply with the SFIP statutory requirements. Rec. D. 50. Plaintiff filed an opposition to this motion that ignored the recent Fifth Circuit precedent and case law from this Court that strict compliance with the proof of loss requirement was required. Rec. D. 53. This Court granted State Farm's motion for summary judgment and entered Judgment on September 30, 2008 taxing costs to the plaintiff. Rec. D. 71. The plaintiff filed a motion for a new trial arguing that despite the fact that he plainly lost on the merits of the motion for summary judgment, the Court should reconsider its award of costs to the defendant

2

so as not to "further penalize a hurricane victim." Rec. D. 72. The Court denied this motion. Rec. D. 76. In accordance with the Court's Judgment, State Farm filed a bill of costs and set a hearing date before the Clerk of Court. Rec. D. 74. Plaintiff requested that the hearing on the bill of costs be continued and the hearing was reset for December 2, 2008. Rec. D. 77. At that hearing, the Clerk reviewed the documents submitted by State Farm and concluded that the amount of costs requested, $7,820.54, should be reduced to $6,671.54. The bill of costs in this reduced amount was taxed to the plaintiff by the Clerk on December 2, 2008. Rec. D. 78. On December 10,2008 the plaintiff filed the present motion to review the taxation of costs. Rec. D. 79.

### The Parties' Arguments

Plaintiff argues that the defendant has failed to prove it is entitled to the overwhelming majority of the costs awarded. Plaintiff's first challenge concerns the Clerk of Court's determination of taxable costs emanating from fees for service of summons and subpoenas. Plaintiff next challenges the Clerk's taxation of costs for fees for court reporters. Lastly, plaintiff challenges the Clerk's determination with regard to fees and disbursements for printing. Other costs taxed by the Clerk, including those for fees of the clerk and witness fees,

3

are not objected to by the plaintiff.

Plaintiff, in opposition to the award of fees for service of summons and subpoenas, raises three distinct arguments. First, plaintiff argues that these charges represent fees accrued in an effort to serve a subpoena on a witness who at no time was under the control or direction of plaintiff.[1] Second, plaintiff argues that the subpoena itself was deficient because it listed an incorrect address. Plaintiff argues that he should not be responsible for multiple attempts to serve a deficient subpoena.[2] Plaintiff further argues that no evidence has been provided that the witness made any attempts to avoid service. Rather, the multiple attempts and costs incurred were a result of defendant's counsel supplying an incorrect service address. Lastly, plaintiff argues that defendant has never proved the subpoena was actually served. Plaintiff argues that Federal Rule of Civil Procedure 45(b)(4) requires the defendant to file with the court proof of service, certified by the server.[3] In summation, the

---

[1] The witness, Mr. Ricca, was the groundskeeper for the property in question and was employed by the plaintiff, Mr. Provenza.

[2] Service was initially attempted at 3223 Bonfuca Drive in Slidell. However, the correct address for Mr. Ricca was 3233 Bonfuca Drive. After failing in the first attempted service, the process server spoke to a neighbor who informed him of Mr. Ricca's correct address. See Ex. 1, Rec. D. 80.

[3] Rule 45(b)(4) provides: "Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served.

plaintiff asserts that he should not be taxed with the costs of multiple attempts at serving a deficient subpoena on Mr. Ricca when proof of such service has not been made.

Plaintiff next challenges the bill of costs taxing to plaintiff fees of the court reporter for all or any part of the transcripts necessarily obtained for use in the case. Plaintiff argues that the defendant has supplied no supporting documentation as to whether any transcript was procured at the direction of the court, submitted into evidence, used at trial to impeach witnesses, used in support of a motion, or was otherwise necessary for use in the case. Plaintiff argues the defendant is statutorily required to prove that the transcripts taxed were necessary for use in the case. Otherwise, plaintiff argues there is no basis upon which the court could properly tax these costs to plaintiff.

Lastly, plaintiff argues that the costs awarded for fees and disbursements for printing should be set aside. Specifically, plaintiff contends that the defendant has only provided, and the Clerk relied upon, unannotated invoices from copy service providers. Plaintiff argues it is impossible to tell from these invoices what was copied and the purpose of those copies. Plaintiff asserts that money spent to copy documents for the litigant's own use is not recoverable. Plaintiff contends that

---

The statement must be certified by the server."

pursuant to 28 U.S.C. § 1920 the defendant has failed to prove the copies were necessary for use in the case. Accordingly, plaintiff argues that Section 1920 should not apply and there is no appropriate basis upon which to tax the printing costs to the plaintiff.

Concerning the fees for summons and subpoenas, the defendant responds with a series of exhibits which were presented to the Clerk of Court with the defendant's bill of costs. The defendant argues that there is ample evidence that the witnesses concerned were in fact served. The evidence presented includes an affidavit from the process server, the billing invoices from various process servers, as well as the return of service confirmations. See Exs. 1-5, Rec. D. 80. The defendant argues that the mistake in address cited by the plaintiff is a reasonable error and in any event was corrected before the third attempt at service was made. See Ex. 1, Rec. D. 80. Defendant contends that all attempts at service and costs incurred were reviewed by the Clerk of Court and a total of $760.00 was appropriately taxed to the plaintiff.

The defendant next argues that the fees expended for the court reporter were both necessary and for use in the case. The deposition transcripts for which the defendant seeks reimbursement were of the plaintiff and his groundskeeper, Mr. Ricca. Defendant argues that the transcript of the plaintiff's

deposition was cited extensively in the defendant's motion for summary judgment. See Rec. D. 50. The defendant also argues that the depositions of plaintiff and Mr. Ricca were both cited extensively in the defendant's opposition to plaintiff's motion to quash a subpoena issued by defendant. See Rec. D. 62. The defendant contends that there is ample evidence that such documents were necessary to prepare for the defense of this case and upon the Clerk of Court's review were appropriately taxed to the plaintiff.

Lastly, the defendant responds to plaintiff's argument that the fees and disbursements for printing were incorrectly taxed to the plaintiff. The defendant argues that there were seven flood claims for the same property prior to Hurricane Katrina, which involved several different adjusters and a wealth of materials, including color photographs, that needed to be copied in preparation for and for use during litigation in this matter. The defendant contends that all of these flood claims were relevant because there was an issue as to whether the plaintiff had ever made repairs prior to the damage caused by Hurricane Katrina. Because there was an issue as to whether repairs had been made, all of the prior flood claims were relevant to State Farm's defense. As such the volume of materials and witnesses that had to be prepared for trial were far greater than in the typical hurricane case. Additionally, the costs were greater in

this case than normal because the case was previously stayed only two days before trial. As a result, State Farm incurred all of the usual trial preparation costs. The defendant argues that exhibits 9-21 of its opposition clearly illustrate that the copies were necessary for use in the litigation. See Ex. 9-21, Rec. D. 80.

The defendant further argues that the plaintiff's motion is untimely because it was filed more than five days after the costs were taxed to the plaintiff by the Clerk. As a result, State Farm contends the motion should be summarily dismissed. In the alternative, the defendant argues that it made every effort to rigorously defend the plaintiff's lawsuit and incurred costs consistent with that effort. Such costs were reviewed in detail by the Clerk of Court and costs were taxed against the plaintiff in the amount of $6,671.54. This final amount was a reduction of the total requested by State Farm after the Clerk had carefully considered the supporting documents provided by the defendant at the hearing on costs. State Farm argues that it has met it's burden to verify that the listed costs were necessary, allowable, and reasonable. Additionally, the defendant has requested an award of attorneys' fees and costs for this motion.

## Discussion

Federal Rule of Civil Procedure 54(d)(1) provides that

"costs, other than attorneys' fees shall be allowed as of course to the prevailing party unless the district court otherwise directs...." The district court has wide discretion to award costs. Appellate review of a district court's decision regarding costs is narrow and reversal is only warranted for an abuse of discretion. <u>Schwarz v. Folloder</u>, 767 F.2d 125, 131 (5th Cir. 1985). Only when a clear abuse of discretion has been shown can an award of cost be overturned. <u>Kinnear-Weed Corp v. Humble Oil and Refining Co.</u>, 441 F.2d 631, 637 (5th Cir. 1971). Costs may only be awarded under Rule 54(d) for expenditures that fall within the categories of expenses that are authorized in 28 U.S.C. § 1920. <u>Louisiana Power and Light Co. v. Kellstrom</u>, 50 F.3d 319, 334-35 (5th Cir. 1995).

**a. Timing of Motion**

As a preliminary matter, State Farm challenges the timing of plaintiff's motion and argues that because the motion was filed late it must be summarily denied. Federal Rule of Civil Procedure 54(d)(1) provides that: "Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. . . . The clerk may tax costs on 1 day's notice. On motion served within the next 5 days, the court may review the clerk's action." Similarly, Local Rule 54.5 provides that "[a]

9

dissatisfied party may request within five days that the court review the action of the clerk, in accordance with FRCP 54(d)."

When the period to respond provided for by court order, statute, federal or local rule is less than eleven days the counting of time is governed by Federal Rule of Civil Procedure 6(a)(2). Rule 6(a)(2) provides that intermediate Saturdays, Sundays, and legal holidays will be excluded. Furthermore, Rule 6(a)(1) provides that the day on which the triggering event occurs should be excluded for the purposes of calculating time.

On December 2, 2008, the Clerk of Court entered the amended bill of costs taxing costs against plaintiff in the amount of $6,671.54. Rec. D. 78. For the purposes of Rule 54(d)(1), and pursuant to Rule 6(a)(1), the count began on the day after the Clerk taxed the bill of costs, specifically December 3, 2008. December 6 and 7, 2008 were an intervening weekend. Thus, December 9, 2008 was the last date upon which plaintiff could have properly filed a request for review of the Clerk's assessment. Plaintiff filed the instant motion for review of the Clerk's taxation of costs on December 10, 2008. That date was one day outside of the time provided for by the federal and local rules. As such, the plaintiff's motion is untimely.

Although the plaintiff's motion was not filed timely, the Court has discretion to consider the merits of the motion. In a similar circumstance, Judge Sear concluded that the court would

consider the merits of a late filed objection to the Clerk of Court's taxation of costs.  Taylor v. Westinghouse Elevator Corp., No. 87-5636, 1989 WL 132840, at *1 (E.D. La. Oct. 31, 1989).  In Taylor, the plaintiff failed to comply with Rule 54(d) and the local rule requiring an objection to the taxation of costs to be filed within five days.  Id.  However, the defendant had also filed an untimely motion to tax costs.  Id.  As a result, Judge Sear determined that the court would review the merits of the objection to the taxation of costs despite the untimely objection by the plaintiff.  Id.

In the present case the plaintiff's motion, filed on December 10, 2008 was a day late and by rule untimely.  However, the Court has discretion to assess the merits of the motion.  In this circumstance, the Court elects to exercise that discretion and analyze the merits of the plaintiff's motion for review of taxation of costs.

**b. Review on the Merits**

28 U.S.C. § 1920 provides the costs which may be taxed to a party in federal court.  Section 1920 provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are

> necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree

The defendant has offered a wealth of evidence that the costs taxed to the plaintiff fall squarely within the bounds of those costs permitted by Rule 54(d)(1) and 28 U.S.C. § 1920.

Concerning the subpoena costs, the plaintiff has cited no law or cases that support his claims. Plaintiff's argument, based on Rule 45(b)(4)'s requirement of certain proofs of service, is not supported by the evidence. The defendant in exhibits 1-5 of its opposition memorandum identifies clear evidence, which complies with Rule 45(b)(4), demonstrating that the subpoenas at issue were in fact served and that any minor mistakes in the subpoenas were quickly rectified by the process server. The Clerk of Court reviewed this very evidence of service and correctly concluded that these costs should be taxed against the plaintiff.

Regarding the disputed fees for court reporters, the plaintiff makes the assertion that copies of both his deposition and the deposition of Mr. Ricca were not necessary and not "for use" in this case. This contention is plainly without merit. These were depositions of key witnesses, and as such were necessary and "for use" in the case. Additionally, the defendant

has identified that the depositions were cited in a minimum of two motions in this case, including a dispositive motion for summary judgment. Even if the taxed deposition transcripts were duplicate copies, such duplicate copies may be taxed as costs when they were necessarily obtained "for use" in a case. See Campo v. Electro-Coal Transfer Corp. 955 F.2d 10, 12 (5th Cir. 1990), rev'd on other grounds, National Union Fire Ins. Co. of Pittsburgh, Pa. v. Campo, 502 U.S. 1025 (1992)(allowing duplicate copies of depositions where the copies were necessarily obtained for use in the case).

Regarding the fees for copies, the plaintiff argues that money spent to copy documents for the litigants own use is not recoverable. The plaintiff asserts that there is no evidence in the record that these copies were created for anything other than the defendant's own use. The plaintiff argues that the only explanation offered by the defendant is that the multiple copies were created for multiple adjusters. The plaintiff concludes that this is a clear admission that the copies in question were for the defendant's own use and not for use in the case. Further, the plaintiff argues that the defendant has not provided itemized receipts to illustrate what was copied and for what purpose those copies were used. Despite these arguments, the defendant has explained the reason for the large number of copies in this case. First, there are more copies then normal in a case

that was dismissed on summary judgment because it was necessary to prepare the case for trial before the matter was stayed only two days prior to the start of trial. Second, the unique facts of this case, including the plaintiff's seven prior flood claims, and the disputed issue as to whether any repairs had been made after those claims, required the defendant to prepare for trial the adjusters involved in those seven prior claims. State Farm intended to call all of these adjusters as witnesses at trial. The defendant has provided the documents to support its position that these copies were necessary for defending this case. In exhibits 9-21 of the memorandum in opposition to this motion the defendant has provided the individual invoices for copies as well as evidence showing that the copies were used in the trial preparation of various witnesses. Also, the defendant has provided evidence that copies were made to provide all of the claims files in response to the plaintiff's request for such copies and to create bench books and other documents and exhibits for trial. These documents were reviewed by the Clerk of Court who made the correct judgment that such costs should be taxed to the plaintiff.

Finally, State Farm, in the last line of their memoranda, requests attorneys' fees and costs related to this motion. The defendant provides no argument to support the award of attorney's fees and this Court sees no need for such a sanction. However,

as the prevailing party State Farm is entitled to recover any costs. Accordingly,

**IT IS ORDERED** that plaintiff's **Motion for Review of Taxation of Costs (Rec. Doc. 79)** is hereby **DENIED.** The costs of this motion are to be taxed to the plaintiff.

New Orleans, Louisiana, this 5th day of February, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE